UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Jean Ann Yarosevich

    v.                                         Civil No. 05-cv-182-JD

Toyota Industries
Corporation, et al.

**O R D E R**

Defendant moves for a physical or mental examination by its retained vocational consultant. Plaintiff objects.

Background

Defendant's statement of background facts in its memorandum are accepted for purposes of this motion since none of the facts are disputed.

Plaintiff suffered a permanently crushed and rebuilt ankle, permanent loss of stomach muscle tissue, permanent loss of a portion of her right calf, permanent loss of a portion of her left leg fibula and other physical and psychological injuries. Her medical bills are $288,602.69. She alleges she can no longer do her job after trying to return part-time. She alleges she can no longer work as a result of her injuries. Defendant points to a contrary statement in a functional capacity evaluation.

## Discussion

Defendants claim an entitlement under Fed.R.Civ.P. 35 to a "vocational examination of the plaintiff" by their vocational consultant, Daniel Patrick Thompson without the presence of plaintiff's counsel.

Fed.R.Civ.P. 35 permits a court to:

> order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

The Rule also requires that movant show good cause. <u>Doe v. District of Columbia</u>, 229 F.R.D. 24, 26 (D.D.C. 2005). Presumably movant would in showing good cause provide the information needed for the court to specify the manner, conditions and scope of examination. See Fed.R.Civ.P. 35(2)(B).

### Vocational Rehabilitation Experts

Rule 35 does not explicitly include examinations by vocational experts but some courts have permitted examinations by vocational rehabilitation experts who are licensed or certified. See <u>Jefferys v. LRP Publications, Inc.</u>, 184 F.R.D. 262 (E.D. Pa. 1999); <u>Fischer v. Coastal Towing Inc.</u>, 168 F.R.D. 199 (E.D. Tex. 1996); and <u>Olcott v. LaFiandra</u>, 793 F. Supp. 487 (D. Vt. 1992).

Other courts have taken the view that the 1991 Advisory Committee's Notes to Rule 35 have extended the scope of <u>examiners</u> covered but not the scope of <u>examinations</u> covered and have declined to order a vocational assessment unconnected to any physical or mental examinations.  <u>Storms v. Lowe's Home Centers, Inc.</u>, 211 F.R.D. 296, 298 (W.D. Va. 2002).

Certainly vocational rehabilitation experts have been accepted under <u>Daubert</u> standards in many types of cases from social security to lost earning capacity.  They may qualify under Rule 35 where the clear assessment is directly connected to a physical or mental examination, but every vocational assessment does not automatically qualify.

### a.  Good Cause

Defendant justifies using a vocational expert in this case where plaintiff's claim of disability appears to be contradicted by the functional capacity evaluation of Ms. Van Saun.  That does not constitutes a sufficient showing of "good cause" for a Rule 35 examination.  In fact, the motion itself fails to provide "good cause" as plaintiff's objection points out.  The motion itself appears to request a totally undefined and unfettered examination.  After plaintiff's objection defendant's reply

provided some description.

Defendant wants a two hour interview to question plaintiff about her education, employment and medical history and so the "expert" who is neither a medical doctor nor a licensed psychologist, can observe and discuss plaintiff's physical abilities and limitations.  He also seeks to inquire about plaintiff's daily living activities, transferable skills and future employment observations.

Defendant has deposed plaintiff, received answers to interrogatories and medical records.  Presumably others who observed plaintiff's day to day living have also been deposed or interviewed by counsel.  In short, the vocational expert appears to have all the material he needs (assuming defense counsel has done his job in discovery).  Plaintiff has provided her health history, the employment history requested and her medical records.  See Doc. 55-2.  Defendant has not therefore shown any cause, let alone good cause for a Rule 35 exam.  The expert can review the records and make his assessment without the necessity of an unsupervised deposition.

### b. The "Expert"

Defendant's expert may ultimately be qualified, but for purposes of Rule 35 I find he has not been shown to be suitably licensed or certified. See 199, Advisory Committee Notes. His CV, Doc. no. 50-6, shows that he is not licensed at all. Defendant has not provided any information on whether his "certifications" (R.R.P. and R.V.P.) are meaningful or not. He has no college degree, but has completed some college courses. He appears to have attended eight days of relevant conferences over a twenty-five year period. None of his articles are in recognized peer-reviewed journals.

In contrast, a certified vocational expert (diplomat) of the American Board of Vocational Experts must pass a competency exam, hold a Master's Degree, and have annual continual education. The Commission on Rehabilitation Counselor Certification requires a master's degree, a competency exam and annual continuing education. On paper defendant's expert does not appear particularly well qualified.

The motion (Doc. no. 50) is denied.

**SO ORDERED.**

                          _/s/ James R. Muirhead_
                          James R. Muirhead
                          United States Magistrate Judge

Date:   June 5, 2008

cc:     Melvin Fink, Esq.
       Robert P. Gerety, Esq.
       Adam A. Larson, Esq.
       James M. Campbell, Esq.
       Trevor J. Keenan, Esq.